IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                              Criminal No. 2:06-cr-109-01

**FREDDY JOE WHITE**

<u>MEMORANDUM OPINION AND ORDER</u>

In Bluefield, on July 21, 2011, came the defendant, Freddy Joe White, in person and by counsel, Christian M. Capece, Assistant Federal Public Defender; came the United States by Miller A. Bushong, III, Assistant United States Attorney; and came the United States Probation Officer Keith Zutaut, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on July 10, 2006.  The court found that the defendant had received written notice of the alleged violations as contained in the petition and that the evidence against the defendant had been disclosed.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Defendant admitted at the hearing that he committed the supervised release violation contained in the petition (engaging in sexual intercourse with a thirteen year old minor).  The

1

court therefore found by a preponderance of the evidence that the defendant had committed the violation charged in the petition.

Both the defendant's attorney as well as the Assistant United States Attorney stated their belief that a sentence within the guideline range would be the most appropriate.  Both also noted, however, that they did not believe a reimposed term of supervised release to be necessary.  Mr. White's attorney noted that as a result of his offense, Mr. White would have to register as a sex offender, and that the resulting level of supervision would provide a sufficient level of monitoring, even without a reimposed term of supervised release.

Having heard arguments of counsel and the defendant's admission, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was fifteen to twenty-one months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of two years for a violation of a term of supervised release if the offense that resulted in the term of supervised release was a Class C felony.  Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the

court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for a term of twenty-one (21) months, to run concurrently with any state sentence. The court imposed no new term of supervised release.

The court considered all of the findings in the case, and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to protect the public, provide an adequate deterrent and reflect the seriousness of defendant's violations. The court imposed a sentence at the upper end of the guideline range in view of the seriousness of Mr. White's offense, and for the purpose to providing the maximum protection possible for the community.

The defendant was informed of his right to appeal the court's revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the

Clerk of Court will prepare and file a Notice of Appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 25th day of July, 2011.

ENTER:

David A. Faber
Senior United States District Judge